Opinion by
Willson, J.

(Transferred from Austin. J

§ 501. Sale of personal property; complete when; contract construed. Williams brought this suit to recover for seventy-one and one-half tons of cotton seed at $3.50 per ton, being the amount he had paid appellees in excess of the amount that he received from them, under the following written contract, to wit:
“Cameron, Texas, February 14, 1883.
“ This witnesseth, that we have this day sold to Mr. T. M. Williams all the cotton seed contained in twenty pens at Brady’s gin, and in a crib at Brady’s residence, in Maysfield. We warrant that there are one hundred and *448 fifty tons in said pens and crib; should they fall short, we are to refund the amount paid on them in excess of what they turn out. We also warrant them as sound, merchantable seed, or he need not take such as prove to be otherwise. Should they exceed one hundred and fifty tons, he is to take them and pay us at the rate of $3.50 per ton for excess, the same as the above are sold for; and he is to weigh the seed at Cameron and keep an accurate account of the weight, giving A. E. Brady one statement and us another. He is to proceed and haul them away as soon as practicable.
December 10, 1884.
(Signed) “Leon & H. Blum,
“Per A. H. Hutchins.”
Williams at once took possession of the cotton seed, and hauled away seventy-eight and one-half tons thereof, when the remainder were destroyed by fire. The trial judge construed the contract to be a complete sale of the cotton seed, and charged the jury that if they believed from the evidence that there were one hundred and fifty tons of good, sound, merchantable cotton seed in said pens and crib at said time, they should find for the defendauts, and the jury did so find. In this there was no error. The contract evidences a complete sale of the cotton seed, and the title in said seed thereby vested instantly and perfectly in Williams, he receiving possession of the seed at the time. It is well settled that where possession of the goods is given to the buyer, and the act necessary to the designation' of the articles sold is to be performed by him, and not by the seller, title to the goods passes absolutely to the buyer. [Wells v. Littlefield, 59 Tex. 556. J Here, no act remained to be done by the sellers. Whatever was to be done, devolved upon the buyer.
Affirmed.